IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) ROBERT M. BRIAN, TRUSTEE OF THE ROBERT M. BRIAN REVOCABLE LIVING TRUST, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>(1) DEVON ENERGY PRODUCTION COMPANY, L.P.<br><br>Defendant. | Case No. CIV-17-708-C<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

1. Plaintiff Robert M. Brian, Trustee of the Robert M. Brian Revocable Living Trust, individually and on behalf of all others similarly situated ("Plaintiff"), brings this class action against Defendant Devon Energy Production Company, L.P.

**NATURE OF THE CASE**

2. Plaintiff brings this class action to recover damages for Devon's improper calculation, and intentional underpayment, of millions of dollars of royalties owed to Plaintiff and other similarly situated lessors for the extraction of oil from horizontal wells in Oklahoma.

3. Throughout the Class Period, Devon breached contractual obligations to Plaintiff and Class members by underpaying royalties owed to the Plaintiff and Class Members. Plaintiff entered into contracts providing that a fraction of all oil produced and saved from premises leased to Devon, or any other operator, would be delivered to the

1

credit of the Plaintiff free of cost. Devon failed to pay royalties on oil produced and saved from Plaintiff and Class members' leases.

4. The wells operated by Devon produced exceptionally large volumes of fluid, which was piped to salt water disposal wells where Devon further processed the fluid and saved additional oil produced from the premises leased from the Plaintiffs and Class members. Devon did not pay royalties on the barrels of oil realized from its water processing operation.

5. Devon's breach of contract, and violation of Oklahoma law, resulted in substantial damages to Plaintiff and the Class.

## PARTIES

6. Plaintiff Robert M. Brian, Trustee of the Robert M. Brian Revocable Living Trust ("Brian"), is an individual residing in Mulhall, Logan County, Oklahoma. Throughout the Class Period, Brian had oil and gas leases with Defendant for wells in Logan County, Oklahoma that produced oil and gas.

7. Defendant Devon Energy Production Company, L.P. ("Devon") is an Oklahoma limited partnership with its principal place of business at 333 West Sheridan Avenue, Oklahoma City, Oklahoma. Devon's sole general partner is DVN Operating Company, L.L.C., a Delaware limited liability company. On information and belief, Devon Energy Corporation, a Delaware corporation, through certain non-publicly traded subsidiaries and entities, owns, controls, and is the ultimate parent company of Devon. The principal offices of Devon, DVN, and Devon Energy Corporation are located in

Oklahoma City, Oklahoma. The registered agent for Devon is The Corporation Company, 1833 S. Morgan Rd., Oklahoma City, OK 73128.

## JURISDICTION AND VENUE

8. Plaintiff Brian owned mineral interests located in Logan County, Oklahoma, which is located in the Western District of Oklahoma.

9. Defendant Devon is an Oklahoma Limited Partnership with its principal place of business in Oklahoma City, Oklahoma, in the Western District of Oklahoma.

10. This Court has original jurisdiction pursuant to 28 U.S.C § 1332 (d)(2), because (1) the number of putative class members is in excess of 100; (2) the amount in controversy, exclusive of costs and interest, is in excess of $5,000,000.00; and (3) at least one member of the putative class is a citizen of a different state than that of Defendant.

11. Venue is proper in the Western District of Oklahoma pursuant to 28 U.S.C. § 1391(b), because (i) a substantial part of the events giving rise to Plaintiff's claims occurred in this District; (ii) Defendant maintains a permanent business office within this District; and (iii) Defendant's designated resident agent is located within this District.

## FACTUAL BACKGROUND

12. When an oil or gas well is drilled, water is produced along with the oil and gas. For more than a century, the method for separating oil and water produced from a well has remained fundamentally unchanged. The produced oil and water mixture is transferred to a tank, where it resides for a period of time. This is called "residence time." During that time, the oil naturally separates and accumulates atop the water in the

tank, where it can be transferred back into the oil tanks on location. This process is known as "gunbarelling."

13. The saltwater which is produced must be disposed of. Traditionally, third parties were hired by operators to truck the water away and dispose of it. Oil that might have remained in the water after the majority was separated by residence time, was captured by the water disposal company and retained. For many decades, this model of production remained largely unchanged and continues to be followed in many wells which are drilled vertically, or which produce smaller volumes.

14. Recent innovations in drilling and production have changed the traditional model. In many oil and gas plays, horizontal wells now outnumber vertical wells. Horizontal wells begin as a vertical well but change direction at depth, boring horizontally into formations. As a result, the horizontal portion of the hole may run at greater distance through the "pay" zone. These wells produce exceptional volumes of fluid upon completion which then tapers off at an accelerated rate.

15. Devon operated horizontal wells in Oklahoma which extract oil and gas owned by Plaintiff and Class members. Plaintiff and Class members entered lease agreements allowing Devon, or other operators, to drill for oil and gas and pay the mineral owners a royalty based on oil produced and captured from those wells.

16. The horizontal wells operated by Devon produce exceptionally large volumes of fluid. Devon operated four wells on Brian's lease, each of which were horizontal wells. Devon pumped this oil/water mix produced from the wells through its own pipelines, to its numerous salt water disposal wells, which it owns, without giving

the customary residence time to separate the oil naturally on location. For example, on information and belief, Devon operated thirteen such saltwater disposal wells in Logan County, with a permitted capacity of 550,000 barrels per day. At the disposal wells, the oil/water mix was allowed residence time, allowing for separation of oil from the salt water. Devon took this oil, which had been produced and captured from Plaintiff and Class members' wells, and sold it without paying any royalty to Plaintiff or Class members. Upon information and belief, this pattern of conduct was repeated in counties throughout the State of Oklahoma.

## CLASS ACTION ALLEGATION

17. Upon information and belief, Defendant underpaid oil royalties due to Plaintiff and Class members. Devon underpaid these royalties by failing to pay Class members for oil produced and captured from horizontal wells operated by Devon. Devon piped a mixture of oil and water to disposal wells, where the fluids were separated and the oil was retrieved by Devon. Devon did not pay any royalty on the oil recovered at the disposal wells.

18. Plaintiff brings this action as the representative of a class pursuant to Federal Rules of Civil Procedure 23(a),(b)(2),(b)(3) on behalf of the following class:

> All persons or entities who are or were mineral royalty owners in Oklahoma horizontal oil wells operated by Devon, including its predecessors. The class does not include overriding royalty owners who derive their interest through the oil and gas lease.

19. The persons or entities excluded from the class are governmental entities including (a) federal, state and local governments and their respective agencies,

departments, or instrumentalities; (b) states and territories of the United States or any foreign citizens, states, territories or entities; (c) the United States of America; (d) publicly traded oil and gas exploration companies and affiliates; (e) members of the judiciary and their staff to whom this action is assigned.

20. The Class is so numerous that joinder of all members is impracticable.

21. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

22. Plaintiff's claims are typical of the claims of the Class. Plaintiff and members of the Class all sustained damages arising out of the Defendant's common course of conduct, and questions of fact and law are common to all Class members.

23. Common questions of fact and law include whether Devon captured oil produced from wells after piping fluid to disposal wells, whether Devon marketed and/or sold oil retrieved at disposal wells, and whether Devon failed to properly calculate and pay royalties on oil recovered from Plaintiff and Class members' premises.

24. Class action status is warranted under Rule 23(b)(3) because questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other methods available for the fair and efficient adjudication of this controversy.

25. Plaintiff anticipates no difficulty in the management of this matter as a class action. Plaintiff is represented by counsel experienced in class action litigation.

## CAUSES OF ACTION

## COUNT I – BREACH OF CONTRACT

26. The allegations in the preceding paragraphs are incorporated by reference.

27. Plaintiff entered into an Oil, Gas and Mineral Lease in May of 2010 with S.D. Allen. Upon information and belief, the lease was procured on behalf of Devon and assigned to Devon.

28. Plaintiff's lease is a typical Oklahoma oil, gas and mineral lease. It grants the Lessee the right to explore, operate, and produce oil, gas and other minerals. In consideration of the lease, Lessee agrees to deliver to the credit of Lessor, free of cost, "the 3/16ths part of all oil produced and saved from the leased premises." Upon information and belief, Class members entered substantially similar leases with minor variations related to the amount of royalty, delay rental, etc.

29. The leases between Plaintiff, Class members, and Devon, or on behalf of, or assigned to Devon, are contracts and are substantially similar in relevant part.

30. Devon materially breached their contractual obligation to pay royalties pursuant to the leases through their practice of underpaying royalties on oil produced and captured from Plaintiff and Class Members' minerals. Devon breached the leases by failing to pay for oil recovered at saltwater disposal wells and subsequently sold.

31. Defendant's underpayment of royalties benefit Devon and damaged Plaintiff and Class members by depriving them of their share of production.

32. Devon's breaches resulted in injury to the Plaintiff and Class members.

33. The breaches by Devon were intentional and done to increase profits for themselves by reducing the cost of royalties owed to Plaintiff and Class members. Devon has been unjustly enriched and should be required to disgorge all gains realized from their improper actions. As a direct and proximate result of Devon's actions, Plaintiff and Class members incurred damages which they are entitled to recover from Devon.

## COUNT II – BREACH OF FIDUCIARY DUTY

34. The allegations in the preceding paragraphs are incorporated by reference.

35. Plaintiff and Class members own mineral interests which are subject to unitization and other orders of the Oklahoma Corporation Commission. Defendant operated Oklahoma wells subject to the orders of the Oklahoma Corporation Commission, and owed a fiduciary duty to the Class to properly report, account for, and distribute Plaintiff and Class members' royalties.

36. Defendant never repudiated their fiduciary duty to Class members. Defendant's complete control of royalty payments required Class members to put their faith and trust in Defendant. Defendant knew that Plaintiff and Class members relied on it to properly account for production and pay proper royalties.

37. As a result of Defendant's breach, Defendant has been unjustly enriched.

38. Devon acted intentionally and maliciously and should be required to pay punitive damages.

## REQUEST FOR RELIEF

WHEREFORE, premises considered, Plaintiff requests that this Court enter a judgment against Defendant and in favor of Plaintiff and members of the Class and award the following relief:

    a.    An order certifying and allowing this case to proceed as a class action with Plaintiff as class representative for each class and the undersigned counsel as counsel;

    b.    An order requiring Defendant to pay Plaintiff and all Class members actual damages to fully compensate them for losses sustained as a direct, proximate, and/or producing cause of Defendant's breaches and/or unlawful conduct including, without limitation, compounded interest on untimely payments;

    c.    Declare that Devon has failed to properly calculate and pay royalties to the Class;

    d.    An order requiring Defendant to disgorge their ill-gotten gains;

    e.    An order awarding punitive damages as determined by the jury and in accordance with Oklahoma law;

    f.    An order requiring Defendant to pay Class attorney's fees and litigation costs;

    g.    Any other relief the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

*[signature]*

Michael J. Blaschke, OBA No. 9900
Rachel Lawrence Mor, OBA No. 11400
MICHAEL J. BLASCHKE, P.C.
3037 N.W. 63rd Street, Suite 205
Oklahoma City, Oklahoma 73116
(405) 562-7771 (Telephone)
(405) 285-9350 (Facsimile)
mblaschke@thelawgroupokc.com
rmor@thelawgroupokc.com

Michael M. Mulder, Esq.
*(Pending Pro Hac Vice)*
LAW OFFICES OF MICHAEL MULDER
1603 Orrington Avenue, Suite 600
Evanston, IL 60201
T 312-263-0272
F 312-263-2942
mmmulder@mmulderlaw.com

Todd M. Schneider, Esq.
*(Pending Pro Hac Vice)*
Peter B. Schneider, Esq.
*(Pending Pro Hac Vice)*
Ryan R. C. Hicks, Esq.
*(Pending Pro Hac Vice)*
SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS, LLP
3700 Buffalo Speedway, Suite 1100
Houston, Texas 77098
Telephone: (713) 338-2560
Facsimile: (866) 505-8036
tschneider@schneiderwallace.com
pschneider@schneiderwallace.com
rhicks@schneiderwallace.com

Shanon J. Carson, Esq.
*(Pending Pro Hac Vice)*
Glen L. Abramson, Esq.
*(Pending Pro Hac Vice)*
BERGER & MONTAGUE. P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
scarson@bm.net
gabramson@bm.net

**ATTORNEYS FOR PLAINTIFF**